[993 NYS2d 625]

THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v TERESA ROSSI, Defendant.

Justice Court of the Town of Hunter, Greene County, August 14, 2014

**APPEARANCES OF COUNSEL**

*Teresa Rossi,* defendant pro se.

*Charles O. Bucca, District Attorney (Ann-Marie Rabin* of counsel), for plaintiff.

## OPINION OF THE COURT

WILLIAM M. SIMON, J.

A uniform traffic ticket having been served upon the defendant charging her with violating section 509 (5) of the Vehicle and Traffic Law which states: "No person shall hold more than one unexpired license issued by the commissioner at any one time."

A trial was held on August 13, 2014, at which the People called one witness, a New York State Trooper, who testified that within the Town of Hunter, Greene County New York, he observed the defendant operating a vehicle on a public highway, backing up erratically and then crossing over a double yellow line. When asked to exhibit her operator's license she complied, and the officer noticed that when she removed her license, behind it was another New York operator's license which he asked to see. The defendant, upon exhibiting the license, stated to the officer that she "just moved into the area and changed her address," reported that fact to the Department of Motor Vehicles and received a license with the new address, and the second physical license had her old address. The Trooper was asked by the court if both licenses bore the same license number; the officer replied that they did.

The officer introduced into evidence a photocopy of the second license (with the old address) but did not make a copy of the first license exhibited to him. He gave both licenses back to the defendant and did not confiscate one.

There was no testimony as to the date of expiration of the license first exhibited to the officer. There were no other witnesses and no other evidence was submitted.

The sole question for the court to determine is did the defendant "hold" two unexpired licenses.

I have not been able to find a published case in the State of New York wherein section 509 (5) of the statute has come into issue in any way at any time previous to this case.

The normal rules of construction require the prosecution to prove guilt beyond a reasonable doubt. It is also required that criminal statutes clearly inform people of the proscribed conduct in an unambiguous way with unambiguous language.

Other pertinent provisions that apply are:

Vehicle and Traffic Law § 509 (8): "No licensee shall fail to notify the commissioner in writing of a change of residence as required by this article."

Vehicle and Traffic Law § 505:

> "Duplicate and amended licenses and permits; change of address.
>
> "1. Lost, mutilated or destroyed license or permit. In the event of the loss, mutilation or destruction of any driver's license, or any part thereof, or any learner's permit, or any document issued by the commissioner and required for the issuance of a license, the licensee or applicant may file with the commissioner proof of the facts with respect to such loss, mutilation or destruction together with the fee prescribed by law. If the commissioner is satisfied that the applicant is entitled to a duplicate of such item, he shall issue a duplicate of the lost, mutilated or destroyed item. Any mutilated item shall be surrendered before a duplicate is issued. If a duplicate license or permit is issued because of a lost license or permit, and such lost license or permit is later recovered by the licensee or permit holder, he shall surrender such recovered item to the commissioner for cancellation within ten days after recovery of such item. . . .
>
> "5. Change of address. It shall be the duty of every licensee to notify the commissioner in writing of any change of residence of such licensee within ten days after such change occurs and to make a notation of such change of residence on such license in the place provided by the commissioner."

The statutory language of "holding a license," in my opinion, does not refer to the paper or plastic license that constitutes the "evidence of the license" for the reason that the person is licensed whether or not the license is in their possession at all times. Similar to a law, medical, real estate, architect, or engineer license, or a concealed carry gun permit, it may not be wise to carry the evidence of the license on one's person, but the holder of the license is nonetheless licensed. Similarly and conversely, if a license has been revoked, suspended or canceled, then no matter that the person still carries the plastic or paper evidence of the license that person is no longer licensed. As further proof of this court's reasoning, if one were to look at subdivision (10) of section 509 of the Vehicle and Traffic Law in

relation to out-of-state licenses, and if a computer search revealed a person had an unexpired California or Florida license and an unexpired New York license, they would be clearly "holders" of those licenses even though they did not physically have them in their possession at any time while driving in New York. They would therefore be in violation of section 509 (10) as "holders" even though they did not possess physical evidence. To reason otherwise would mean the California or Florida licensee could avoid section 509 (10) by merely leaving the license in the state of issuance which would be an absurd result.

It is clear from a reading of section 505 of the Vehicle and Traffic Law that the license in question was a "duplicate license" of an existing license and, thus, she was not the "holder" of a second license.

Moreover it must be noted that the Vehicle and Traffic Law requires every request for a "duplicate license" other than for "change of residence" be accompanied by a surrender of the original license, or requires the surrender of the license if found or discovered after issuance of the duplicate license.

It is therefore my opinion in a case of first impression that the possession of the old version of the same license is in fact a "duplicate license." The mere fact that one has a different address does not make the defendant the "holder of two licenses"; she merely held two versions of the plastic evidence of one license under one license number and therefore it is a "duplicate license."

If the legislature intended it to be illegal to possess a duplicate license they would have included such provision in section 505 or 509 of the Vehicle and Traffic Law or have required the surrender of the license on a "change of address" under the other provision.

The proof offered at trial fails to convince this court "beyond a reasonable doubt" that the defendant violated section 509 (5) of the Vehicle and Traffic Law.

The defendant is found "not guilty."